NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13867

RAHUL CHATURVEDI  vs.  SIDDHARTH SIDDHARTH.


July 31, 2026.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, Rahul Chaturvedi, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3.  We affirm.

In his petition, Chaturvedi sought "[i]mmediate supervisory intervention" in connection with a number of "overlapping proceedings in [the Falmouth Division of the District Court Department, the Superior Court in Norfolk County, the Superior Court in Barnstable County], and the Appeals Court" because those proceedings "present conflicts, record defects, and jurisdictional risks" that Chaturvedi argued "cannot be corrected through ordinary appellate review."  While the petition did not explain what was at issue in all of these lower court proceedings, at least one of them relates to a supplementary process action in which the respondent seeks to enforce a judgment against Chaturvedi.

Chaturvedi's petition set forth a variety of claims, including that in certain of the trial court proceedings he has requested written opinions to provide further explanation of the court's rulings or has filed motions to set aside judgments for lack of sufficient underlying findings.  He also raises issues related to discovery matters in the trial courts and alleges "misuse of confidential information and misattributed filings" in the supplementary process action.  Ultimately, Chaturvedi asked the single justice, among other things, to stay "all enforcement, execution, discovery, and supplementary-process activity in, or arising from" the lower court proceedings, and

to provide broad oversight of the numerous lower court proceedings to which he is a party. The single justice denied the petition on the basis that Chaturvedi has an adequate, alternative remedy in the normal appellate process.

In his appeal to this court, Chaturvedi states that the underlying matters "trace back to a business dispute and real estate transaction" in 2006. He argues that there was fraud on the court; that the respondent has "leveraged" State court sanctions to "extinguish federally protected rights"; and that the trial court exceeded its jurisdiction in connection with the supplementary process action. What he has not done, however, is demonstrate that he has no adequate alternative remedy or that the circumstances are "sufficiently important and extraordinary as to require general superintendence intervention." Commonwealth v. Fontanez, 482 Mass. 22, 24-25 (2019). To the extent we can discern the issues, at least some are ones that could have been, or already have been, raised in the Appeals Court.[1] Furthermore, although Chaturvedi is correct that he has no right to appeal from a supplementary process enforcement order, pursuant to G. L. c. 224, § 18, that does not entitle him to review pursuant to G. L. c. 211, § 3. See Schifano v. Razzaboni, 466 Mass. 1006, 1006 (2013). Although G. L. c. 224, § 18, "does not deprive [this court] of our extraordinary power under G. L. c. 211, § 3, 'we will rarely employ our superintendence power to review rulings where the Legislature has expressly stated that there shall be no appeal.'" Schifano, supra, quoting Birchall, petitioner, 454 Mass. 837, 846 (2009).

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on briefs.
Rahul Chaturvedi, pro se.

---

[1] Among the lower court cases about which Chaturvedi complains are two Appeals Court cases, both of which the Appeals Court dismissed. One of those cases was dismissed for failure to prosecute; the other because the Appeals Court was unable to discern why Chaturvedi "believes he should have prevailed" in the lower court. Chaturvedi's applications for further appellate review in both of those cases were denied. See Siddharth v. Chaturvedi, 497 Mass. 1110 (2026); Bridge Over Corp. v. Chaturvedi, 496 Mass. 1107 (2025).